Davis, J.,
delivered the opinion of the court:
The act of March 3,1891 (1 Sup., Rev. Stat., 2d ed., p. 925), which authorizes the payment of French spoliation cases contained the following proviso:
“And the awards in the case of individual claimants shall not be paid until the Court of Claims shall certify to the Secretary of the Treasury that the personal representatives, on whose behalf the award is made, represent the next of kin;” # # *
We are now asked to certify that plaintiff, as administrator de bonis non cum testamento annexo of the estate of Benjamin Bussey, the original sufferer (now long since deceased), and the personal representative of the estate, represents the “next of kin” within the meaning of this proviso. That in law a duly appointed administrator represents the “ next of kin,” and every one else interested in the estate, can not be denied, but when Congress made this limitation upon claimant’s right to payment it must have intended that we shall do *482 something more than merely find that an administrator has been appointed in due form by a competent court. We decided in the first spoliations case argued here (Gray’s Case, 22 C. Cls. R., 406) that the present owner of the claim is in law and and equity the administrator, and the award has been made in his favor, leaving to the probate courts of the several States the duty of distributing the fund among the many parties interested.
We are of the opinion that when they placed in the appropriation act the above proviso Congress did not intend to change the policy then in force or to interfere with the jurisdiction of the probate courts under the laws of the several States, but did intend to protect the rights of “next of kin,” to the extent that they should have full notice of all proceedings in the probate courts and have all proper opportunity to appear and prosecute their rights. Congress wished to protect the flesh and blood of the original sufferer from any invasion or sacrifice of right.
The certificate required by the State as a prerequisite to the payment of an award at the Treasury into the hands oa personal representative does not determine the rights of beneficiaries; nor whether legatees can take to the exclusion of next of kin or next of kin to the exclusion of legatees; but merely that there are next of kin in existence and that the administrator who receives the money was appointed on the application, or with the knowledge or acquiescence, of the next of kin, and so far represents them that they will be able in the proper jurisdiction to enforce their rights against the fund in his hands. The purpose of the statue was to prevent the payment of money to an administrator who in fact represents-nobody, or who may represent only creditors or assignees in bankruptcy. The right to an award made by an act of Congress is a legal right which can be the subject of an action in other courts. The final determination of a right to these statutory awards is .not within the jurisdiction of this court, and most certainly such a determination can not be made on an ex parte application for a certificate, which in legal effect, merely authorizes payment to a personal representative.
As a rule application for letters of administration has been made by the “next of kin” themselves and the administrator has been of their selection, appointed upon their motion. This- *483 case differs a little in tbis, that tbe administrator bas been appointed upon tbe petition of tbe residuary legatee of Bus-sey’s estate, Harvard College, with tbe knowledge and acquiescence of tbe granddaughter of Bussey, bis next of bin. Sbe bas full opportunity to enforce in tbe Massachusetts probate-court, which appointed claimant, and in which State she-resides, any rights to which sbe may think herself entitled, and sbe can not be injured by tbe granting of tbis certificate.. Tbe case seems to us to come within tbe meaning, intent, and purpose of tbe proviso, and tbe motion is granted.